## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MICHAEL FREELAND, individually and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>v.<br><br>RBS CITIZENS, N.A. d/b/a CHARTER ONE, a National Banking Association,<br><br>        Defendant. | **ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT**<br><br>Civil Action No. 2:12-cv-10935 NGE-MKM<br><br>Hon. Nancy G. Edmunds |

## FINAL APPROVAL ORDER

WHEREAS, a putative class action is pending before the Court entitled *Michael Freeland v. RBS Citizens, N.A. d/b/a Charter One, N.A.*, Case No. 2:12-cv-10935 NGE-MKM;

WHEREAS, Plaintiff Freeland and Defendant Charter One ("Defendant" or "Charter One") have agreed on a Settlement Agreement dated March 20, 2013 which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions contained therein (the "Settlement Agreement");

WHEREAS the Court has read and considered the Settlement Agreement and Exhibits attached thereto together with all of the submissions and arguments with respect to the Motion for Final Approval;

WHEREAS the Court held a Fairness Hearing on August 28, 2013;

WHEREAS, on May 30, 2013, this Court issued a Preliminary Approval Order in which it provisionally certified, for settlement purposes only, the Class defined as follows:

> All persons whose Charter One, Citizens Bank, or Citizens Bank of Pennsylvania HELOC accounts were suspended due to a significant decline in property value and who received a suspension letter stating they had sixty (60) days to appeal the

suspension of their HELOC.

WHEREAS, Notice to the Class Members has been provided in accordance with the Court's Preliminary Approval Order, and the substance and dissemination of the Notice, which included direct U.S. mail notice and the creation and maintenance of a settlement website, fully complied with the requirements of Federal Rule of Civil Procedure 23 and Due Process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Action;

WHEREAS, the Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case;

WHEREAS, the Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class in light of the complexity, expense, and the risks involved in establishing liability and damages and in maintaining the Action through trial and appeal; and

WHEREAS, the Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the settlement consideration provided to Class Members is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Class. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

2.      The Parties and Class Members who have not timely excluded themselves from the Class are bound by the terms and conditions of the Settlement Agreement.

2

3.      The Court approved the Notice Plan to the Class, as set forth in the Preliminary Approval Order of May 30, 2013, and the Court finds that the Notice Plan has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process.

4.      The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

5.      The Action is hereby dismissed with prejudice. This dismissal with prejudice shall not allow the Parties or any members of the Class to litigate or otherwise reopen issues resolved by this judgment, or included within the Released Claims. This judgment has been entered without any admission by Defendant of liability or as to the merits of any of the allegations in the Action.

6.      The Parties are directed to distribute the $20 cash payment to Class Members who have submitted valid claim forms, pursuant to Section 3.2 of the Settlement Agreement.

7.      The Defendant is directed to suspend, for a period of eighteen (18) months, the inclusion of language in HELOC suspension letters to the effect that a customer must submit a request for reinstatement within sixty (60) days of the letter, or any other time limit, pursuant to Section 3.3 of the Settlement Agreement.

8.      The Defendant is directed to send a Notice of Right to Request Reinstatement within thirty (30) days of the Effective Date, pursuant to Section 3.4 of the Settlement Agreement.

9.      Upon the Effective Date, Plaintiff, and every Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

a.      As used in this Order, "Released Claims" means all claims (including "Unknown Claims" as defined below), demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of

every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties (as defined below), or any of them, belonging to Plaintiff and the Released Parties, arising from the beginning of time to the date the Court granted Preliminary Approval of the Settlement Agreement, that were or could have been alleged in the Action relating to Charter One's suspensions, reductions, or reinstatements of HELOCs based on its determinations that the borrower's homes serving as security for their HELOCs had significantly declined in value and its suspension or reduction letters stating that the customer had sixty (60) days to request reinstatement of their HELOCs, or any practice of limiting a customer's right to request reinstatement of their HELOCs, that were or could have been alleged in the Action, belonging to Plaintiff and the Releasing Parties.

    b.  As used in this Order, the "Releasing Parties" shall mean Plaintiff and Class Members (except a member of the Class who has obtained proper and timely exclusion from the Settlement pursuant to Section 6.1 of the Settlement Agreement), and each and all of their present or past heirs, executors, personal representatives, estates, authorized users, guarantors, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders, and each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders and any other representatives of any of these Persons and entities.

    c.  As used in this Order, the "Released Parties" means RBS Citizens, N.A. and each and all of its past, present and future predecessors, successors, assigns, parents, divisions, subsidiaries, associates, affiliated companies and corporations, including but not

4

limited to, RBS Citizens Financial Group, Inc., formerly known as Citizens Financial Group, Inc. and Citizens Bank of Pennsylvania, and each and all of their respective past, present, and future representatives, employees, managers, agents, consultants, insurers, directors, committees, managing directors, officers, partners, general partners, limited partners, principals, members, insurers, reinsurers, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, attorneys, successors in interest, assigns and Persons, firms, trusts, trustees, corporations, officers, directors, other individuals or entities in which RBS Citizens, N.A. has a controlling interest or which is related to or affiliated with any of them or any other representatives of any of these Persons and entities, and each and all of their respective executors, successors, assigns and legal representatives.

10.    The Court awards to Class Counsel $72,437 as reasonable attorneys' fees and expenses. The Court finds this amount to be reasonable in that it does not require any multiplier against Class Counsel's present lodestar and is less than Class Counsel's current lodestar. Class Counsel provided the Court with a sworn declaration showing that Class Counsel expended 202.98 hours investigating, litigating, and settling this case, which resulted in the $79,971.30 present lodestar. To support the lodestar, class counsel identified each attorney who worked on this case and his or her corresponding billable rate. The Court finds the rates charged to be appropriate and reasonable and that the hourly rates are in line with comparable market rates. The Court finds the hours for which compensation are sought to be reasonable when compared with the time and effort put forth by Class Counsel in investigating, litigating, and resolving this case, as well as in light of the results achieved for the Settlement Class. Accordingly, the Court finds that the fee and expenses award of $72,437 is reasonable and supported by the lodestar of $79,971.30. The Court additionally finds this amount fair and reasonable based upon a percentage of recovery cross check. The total recovery made available to the Class by this Settlement equals to $123,637: $43,700 (total maximum cash payout to the Class Members) + $3,500 (approximate cost of Class notice and claims administration) + $72,437 (attorneys' fees and expenses) + $4,000 (incentive award to the Class Representative) = $123,637. The requested fee award

5

represents 38% of this amount, which is consistent with the established range accepted in this Circuit.

11.     Defendant shall pay the Fee Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

12.     The Court awards an Incentive Award in the amount of $4,000.00 and approves the extension of the term of his draw period as set forth in the Agreement to Class Representative Michael Freeland for taking on the risks of litigation and helping achieve the results made available to the Settlement Class. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

13.     "Unknown Claims" means claims that could have been raised in this Action and that the Plaintiff or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by them, might have affected their decision to enter into this Agreement and to release the Released Parties or the Released Claims or might affect their decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

14.     Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties also acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the

6

Released Claims and the dismissal with prejudice contained in the Judgment or the law applicable to such claims may change, but that they expressly accepts and assume the risk of those possible differences and that it is their intention to expressly waive and finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in the previous Paragraph, and that the releases set forth in this Settlement Agreement remain effective notwithstanding such differences in fact.

15.     Whether or not the Effective Date occurs or this Agreement is terminated, neither this Agreement, nor any act performed or document executed pursuant to or in furtherance thereof:

a.     Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b.     Is, may be deemed, or shall be used, offered or received against RBS Citizens, as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

c.     Is, may be deemed, or shall be used, offered or received against Plaintiff or the Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by RBS Citizens, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

d.     Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this

Agreement and/or the Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

    e. Is, may be deemed, or shall be construed against Plaintiff and the Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

    f. Is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

  16. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing this Agreement.

  17. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED, this 11th day of September, 2013.

    **s/Nancy G. Edmunds**
    THE HONORABLE NANCY G. EDMUNDS
    UNITED STATES DISTRICT JUDGE